

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JEFFREY STEVEN AKRIGHT,

    Plaintiff,

v.                                   Case No. 05-C-821

DAVID GRAVES, MICHAEL T. SCHMIT,
JAMES DELANEY, NICHOLE ZIINO
MS. POWERS, and KEVIN HURST,

    Defendants.

## ORDER

The plaintiff, Jeffrey Steven Akright, who is proceeding *pro se,* is presently incarcerated at the Stanley Correctional Institution. On August 2, 2005, the plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and paid the $250 filing fee. This action stems from plaintiff's confinement as a pretrial detainee at the Walworth County Jail. By order of December 12, 2005, the court determined that the plaintiff's complaint survived screening under 28 U.S.C. §1915A because his allegations that he was forced to live in unsanitary conditions and was placed in a psychiatric isolation cell for disciplinary purposes stated valid claims under the due process clause of the Fourteenth Amendment. Presently before the court is plaintiff's motion to file an amended complaint.

Leave to file an amended complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Supreme Court has explained the meaning of "freely given" as used in Rule 15(a) by stating:

> In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. - the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Rule 15(a) "evinces a bias in favor of granting leave to amend" and unless there is a substantial reason to deny leave to amend, -- "the discretion of the district court is not broad enough to permit denial." *Select Creations, Inc. v. Paliafito America, Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993). Nonetheless, the court should not allow the plaintiff to amend his complaint when to do so would be futile. *Moore v. Indiana,* 999 F.2d 1125, 1128 (7th Cir. 1993).

In his motion, plaintiff asks that he be allowed to amend the complaint to add Wisconsin County Mutual Insurance Company (WCMIC) as a defendant. In his proposed amended complaint, plaintiff alleges that the defendants "carry a Public Entity Liability Insurance policy for the sum of five million ($5,000,000.00) issued by WCMIC. (Proposed Amended Complaint at ¶7.) He also maintains that Wisconsin's "direct action" statute, Wis. Stat. §632.24 permits him to assert a separate claim under 42 U.S.C. §1983 directly against WCMIC as defendants' insurer. (Proposed Amended Complaint at ¶13.)

The "direct action" statute at issue states as follows:

> Any bond or policy of insurance covering liability to others for negligence makes the insurer liable, up to the amounts stated in the bond or policy, to the persons entitled to recover against the insured for the death of any person or for injury to persons or property, irrespective of whether the liability is presently established or is contingent and to become fixed or certain by final judgment against the insured.

2

Wis. Stat. §632.24. Courts have interpreted the "direct action" statute as creating a separate claim against the insurer for damages caused by negligence of the insured. *See Rich Product Corporation v. Zurich American Insurance Company*, 293 F.3d 981, 982 (7th Cir. 2002); *Gibson v. City of Glendale Police Department*, 786 F. Supp 1452, 1455 (E.D. Wis. 1992); *Decade's Monthly Income and Appreciation Fund v. Whyte & Hirschboeck, S.C.*, 164 Wis. 2d 227, 235, 474 N.W.2d 766 (Ct. App. 1991), *affirmed by* 173 Wis. 2d 665, 495 N.W.2d 335 (1993).

Defendants contend that the plaintiff should not be allowed to amend his complaint to add a separate §1983 action against the proposed new defendant, WCMIC, because to do so would be futile. The court agrees.

Plaintiff is not suing the existing defendants under any state law claim much less a negligence claim. His only claims against the defendants are for constitutional violations under 42 U.S.C. §1983. By its own language, Wis. Stat. §632.24 allows a separate "direct action" only against an insurer for negligence. The terms of the statute do not authorize plaintiff to bring a separate action against WCMIC under §1983 for alleged constitutional violations.

Further, the plaintiff has pointed to no case law suggesting that the clear language of the statute should be expanded to include a cause of action for claims other than negligence, and the court's own research did not uncover any such case law. Indeed, courts have rejected similar attempts to expand the statute to actions beyond negligence. *See Gibson*, 786 F. Supp. at 1455 (court granted motion to remand because §632.24 did not provide separate cause of action against insurer under 42 U.S.C. §1983); and *Kranzush v. Badger State Mutual Casualty Company*, 103 Wis. 2d 56, 307 N.W.2d 256, 266 (1981) (§632.24 does not provide a right of action against the insurer for a separate, intentional tort committed by the insurer).

3

For these reasons, the court finds that allowing the plaintiff to amended his complaint to add WCMIC as a defendant would be futile. Therefore, plaintiff's motion to amend the complaint will be denied.

**NOW, THEREFORE, IT IS ORDERED** that the plaintiff's "Motion to Amend Complaint" (Docket #19) be and hereby is denied.

Dated at Milwaukee, Wisconsin this 3rd day of April, 2006.

BY THE COURT:

WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge